# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**XPO Logistics Freight, Inc.,**

        **Movant,**         **Case No. 16-mc-220-JWL**

**v.**

**YRC Inc.,**

        **Respondent.**

**Relating to an action pending in the United States District Court for the Eastern District of Pennsylvania**
**Case No. 5:16-cv-2247-JFL**

_____

**XPO Logistics Freight, Inc.,**

        **Movant,**         **Case No. 16-mc-221-JWL**

**v.**

**YRC Inc.,**

        **Respondent.**

**Relating to an action pending in the United States District Court for the Eastern District of Arkansas**
**Case No. 4:16-cv-0129-BRW**

_____

**XPO Logistics Freight, Inc.,**

        **Movant,**        **Case No. 16-mc-222-JWL**

**v.**

**YRC Inc.,**

        **Respondent.**

**Relating to an action pending in the United States District Court for the Eastern District of Texas**
**Case No. 4:16-cv-00186-ALM**

_____

**XPO Logistics Freight, Inc.,**

        **Movant,**        **Case No. 16-mc-224-JWL**

**v.**

**YRC Inc.,**

        **Respondent.**

**Relating to an action pending in the United States District Court for the District of Utah**
**Case No. 2:16-cv-00194-JNP-BCW**

_____

## MEMORANDUM AND ORDER

These miscellaneous actions arise out of subpoenas issued by other federal district courts as part of ongoing discovery in litigation pending in those courts between XPO Logistics Freight, Inc. ("XPO") and former employees of XPO. Essentially, XPO filed suit against four former employees after those former employees went to work for YRC Inc., a competitor of XPO. In the underlying lawsuits, XPO alleges that its former employees misappropriated trade secrets, breached confidentiality agreements and violated the Computer Fraud and Abuse Act in connection with their employment with YRC. The subpoenas in each of the underlying cases were issued to YRC, a non-party to those cases, and required compliance in Kansas. YRC objected to the subpoenas and XPO, in this District, moved to compel YRC to produce the requested documents in each case. Magistrate Judge James granted in part and denied in part XPO's motions to compel. XPO has now filed objections to the magistrate judge's orders. Because the issues overlap in all material respects, the court will resolve XPO's objections in one order that will be filed in all cases. As will be explained, the objections are overruled.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly

erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In Case Nos. 16-mc-220; 16-mc-221; and 16-mc-222, XPO objects to the magistrate judge's rulings with respect to four specific document requests. Those requests are as follows:

> 3. The following Documents reflecting or relating to [former employee]'s job title, functions, duties, responsibilities, remuneration, benefits and terms and conditions of employment since accepting employment with YRC: his personnel file; organizational charts showing his reporting and supervisory relationships; job descriptions, employment contracts; commission plans; employee handbooks or policies, procedures and restrictive covenants to which he is subject; his Outlook and other calendars; his expense reports; and quotes, proposals, RFPs and/or presentations on which he has worked.
>
> 5. All Documents relating to or reflecting the nature and extent of YRC's business with [named customers] since hiring [former employee], including but not limited to communications, quotes, invoices, contracts and/or sales by customer or similar reports.
>
> 6. All Documents relating to or reflecting the nature and extent of YRC's business with the customers identified in Request No. 5 above in the twelve-month period prior to hiring [former employee], including but not limited to communications, quotes, invoices, contracts and/or sales by customer or similar reports.
>
> 11. All Documents relating to or reflecting any communications you have directly or indirectly with any other person or entity (e.g., customers, the public) regarding the hiring of [former employee].

The magistrate judge denied XPO's motion to compel with respect to each of these requests. With respect to Request Nos. 3 and 11, the magistrate judge found that the requests are overly

3

broad in that they seek documents not relevant to XPO's claims or any defense asserted by the former employee in the underlying cases and that, to the extent relevant documents were sought, the requests were duplicative of other requests to which YRC would be ordered to respond. With respect to Request Nos. 5 and 6, the magistrate judge held that the requests sought production of YRC's trade secrets and confidential business information; that disclosure of the information could be harmful to YRC; and that XPO had not met its resulting burden to show that the information is both relevant and necessary to the action. The magistrate judge, then, sustained YRC's objections to Request Nos. 3, 5, 6 and 11.

XPO asserts that the magistrate judge's rulings with respect to these requests are clearly erroneous. With respect to Request No. 3, XPO urges that its request is narrowly tailored and directly relevant to the claims in the underlying cases. XPO's argument, however, is based on an amended Request No. 3 that the magistrate judge never had the opportunity to consider. Specifically, XPO, in its objections, contends that the court should disregard its prior request to the extent that request included a request for the former employee's "Outlook and other calendars; his expense reports; and quotes, proposals, RFPs and/or presentations on which he has worked." XPO, then, asks the court to consider its new, revised Request No. 3 in evaluating the magistrate judge's ruling. This modified request was never presented to the magistrate judge and the court will not consider it as a basis for finding mistake in the magistrate judge's order. The objection is overruled. *See Triple-I Corp. v. Hudson Associates Consulting, Inc.*, 2007 WL 2436677, at *2 (D. Kan. Aug. 22, 2007) (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan.2000) (district court review of magistrate "not a de novo review permitting a second shot . . . based on new arguments"); *see also Clark v. Poulton*, 963 F.2d

4

1361, 1371 (10th Cir. 1992) ("[A]s to section 636(b)(1)(A) determinations by the magistrate, the district court conducts a limited review similar to an appellate court.").

Similarly, the court overrules XPO's objection with respect to Request No. 11. Irrespective of XPO's argument that the Request is narrowly tailored to seek relevant information, XPO has not demonstrated that the Request, as found by the magistrate judge, is not duplicative of other requests to which YRC was ordered to respond. Request No. 11 seeks "communications you have directly or indirectly with any other person or entity (e.g., customers, the public) regarding the hiring" of the former employees. This request is clearly duplicative of Request No. 9, which sought "all documents relating to or reflecting YRC's decision to hire [former employee], including but not limited to internal memoranda, emails, minutes of meetings, notes of meetings and announcements." While XPO contends that Request No. 9 is limited only to internal communications and does not cover external communications, a plain reading of Request No. 9 does not support XPO's characterization of the request.

In its objections to the magistrate judge's rulings with respect to Request Nos. 5 and 6, XPO does not contest the magistrate judge's conclusion that the requests seek confidential information or that the disclosure of such information could be harmful to YRC. Rather, XPO contends that it has satisfied its burden of showing that the documents are relevant and necessary to its claims. According to XPO, the requests at issue are designed to disclose the extent of business, if any, that YRC did with certain customers before and after hiring these former XPO employees. XPO contends that this "comparative analysis" is relevant to XPO's allegation that their former employees were in a uniquely favorable position to exploit pricing strategies by tailoring proposals on behalf of YRC to undercut XPO. XPO suggests that this

comparative analysis could support an inference that their former employees relied on confidential information to transfer those customers from YRC to XPO. But while XPO urges that the documents are necessary for the comparative analysis they seek to perform, XPO does not suggest that the documents (or the comparative analysis, for that matter) are "necessary" to the action as required to satisfy its burden. *See Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 325-26 (10th Cir. 1981) (party seeking discovery of trade secrets must prove that the information is both relevant and necessary to the action; discovery should be denied if "need is not established"). The court, then, overrules XPO's objections to the magistrate judge's rulings with respect to Request Nos. 5 and 6.

In Case No. 16-mc-224, XPO objects to the magistrate judge's rulings with respect to two specific document requests. One of those requests is Request No. 3 and that request is identical to the Request No. 3 discussed above. XPO has made the same objection (and has improperly revised its Request No. 3 in connection with its objection) and, for the same reasons set forth above, that objection is overruled. The second request at issue is Request No. 9. That request is identical to Request No. 11 discussed above and seeks "all documents relating to or reflecting any communications you have directly or indirectly with any other person or entity (e.g. customers, the public) regarding the hiring of [former employee]." The magistrate judge held that the request was overly broad and, to the extent it sought relevant documents, was duplicative of other requests to which YRC would be ordered to respond.

For the same reason that the court overruled XPO's objection with respect to Request No. 11 above, the court overrules the objection here. That is, irrespective of XPO's argument that the Request is narrowly tailored to seek relevant information, XPO has not demonstrated that the

Request, as found by the magistrate judge, is not duplicative of other requests to which YRC was ordered to respond. Request No. 9 seeks "communications you have directly or indirectly with any other person or entity (e.g., customers, the public) regarding the hiring" of the former employees. This request is clearly duplicative of Request No. 7, which sought "all documents relating to or reflecting YRC's decision to hire [former employee], including but not limited to internal memoranda, emails, minutes of meetings, notes of meetings and announcements." While XPO contends that Request No. 7 is limited only to internal communications and does not cover external communications, a plain reading of Request No. 7 does not support XPO's characterization of the request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** XPO's partial objections to the Memorandum & Order issued by Magistrate Judge Teresa J. James on November 18, 2016 in Case No. 16-mc-220 (doc. 14) are **overruled**; XPO's partial objections to the Memorandum & Order issued by Magistrate Judge Teresa J. James on November 15, 2016 in Case No. 16-mc-221 (doc. 16) are **overruled**; XPO's partial objections to the Memorandum & Order issued by Magistrate Judge Teresa J. James on November 30, 2016 in Case No. 16-mc-222 (doc. 12) are **overruled**; and XPO's partial objections to the Memorandum & Order issued by Magistrate Judge Teresa J. James on November 30, 2016 in Case No. 16-mc-224 (doc. 14) are **overruled**.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2017, at Kansas City, Kansas.

                                                s/ John W. Lungstrum  
                                                John W. Lungstrum  
                                                United States District Judge